IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

D. L. TAYLOR, C-05467,

    Plaintiff(s),

vs.

G. D. LEWIS, et al.,

    Defendant(s).

No. C 12-3424 CRB (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Plaintiff, a prisoner at Pelican Bay State Prison (PBSP), has filed a pro se complaint under 42 U.S.C. § 1983. The gravamen of plaintiff's complaint is that prison officials "assaulted" him on more than one occasion by dragging him down to his knees and by kicking his cell door, and that prison officials improperly suspended his religious diet. Plaintiff adds little else, however.

## DISCUSSION

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

It is well-established that allegations that prison officials used force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline, state a cognizable claim under § 1983 for violation of the Eighth Amendment right to be free of cruel and unusual punishment. See Hudson v. McMillian, 503 U.S. 1, 6 (1992). And it is equally well-established that allegations that prison officials refuse to provide a healthy diet conforming to sincere religious beliefs states a cognizable claim under § 1983 for denial of the First Amendment right to exercise religious practices and beliefs. See Ward v. Walsh, 1 F.3d 873, 877 (9th Cir. 1993); McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987).

Plaintiff's allegations will be dismissed with leave to amend to set forth specific facts showing how defendants used force maliciously and sadistically to cause him harm, or refuse to provide him a healthy diet conforming to his sincere religious beliefs, if possible. Plaintiff must also link each named defendant with his allegations of wrongdoing so as to show how each defendant actually and proximately caused the deprivation of his federal rights of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A prison official cannot be liable for damages under § 1983 simply because he is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

/

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED: Dec. 17, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Taylor, D.12-3424.dwlta.wpd