IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| D. L. TAYLOR, C-05467, | ) | |
| Plaintiff(s), | ) | No. C 12-3424 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL WITH |
| | ) | LEAVE TO AMEND |
| G. D. LEWIS, et al., | ) | |
| Defendant(s). | ) | (Docket # 12) |
| | ) | |

Plaintiff, a prisoner at Pelican Bay State Prison (PBSP), has filed a pro se Second Amended Complaint (SAC) under 42 U.S.C. § 1983 claiming various violations of his constitutional civil rights.  Plaintiff specifically alleges that defendants "assaulted" him on more than one occasion, asked other prisoners to harm him and denied him medical care.  Plaintiff adds little else, however.

In a recent motion for injunctive relief, plaintiff also requests an order compelling defendants to reinstate his religious diet and to return improperly confiscated books.

## DISCUSSION

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

It is well-established that allegations that prison officials used force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline, state a cognizable claim under § 1983 for violation of the Eighth Amendment right to be free of cruel and unusual punishment. See Hudson v. McMillian, 503 U.S. 1, 6 (1992). And it is equally well-established that allegations that prison officials were deliberate indifferent to a prisoner's health and safety concerns also state a cognizable Eighth Amendment claim under § 1983. See Farmer v. Brennan, 511 U.S. 825, 832, 837 (1994) (prison official deliberately indifferent only if he knew of and disregarded an excessive risk to inmate health or safety).

Plaintiff's conclusory allegations will be dismissed with leave to amend to set forth specific facts showing how defendants used force maliciously and sadistically to cause him harm, and/or were deliberately indifferent to plaintiff's health or safety concerns, if possible. Plaintiff must also link each named defendant with his allegations of wrongdoing so as to show how each defendant actually and proximately caused the deprivation of his federal rights of which he

1 complains.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

2 **CONCLUSION**

3 For the foregoing reasons, the SAC is DISMISSED with leave to amend,

4 as indicated above, within 30 days of this order.  The pleading must be simple

5 and concise and must include the caption and civil case number used in this order

6 and the words THIRD AMENDED COMPLAINT (TAC) on the first page.

7 Failure to file a proper TAC within the designated time will result in the

8 dismissal of this action.

9 Plaintiff's recent motion for injunctive relief (docket # 12) is DENIED.

10 But plaintiff is free to set forth specific facts in his TAC showing how defendants

11 failed to provide him a healthy diet conforming to his sincere religious beliefs

12 and/or improperly confiscated his books.  Plaintiff must also link each named

13 defendant with his allegations of wrongdoing.

14 Plaintiff is advised that the TAC will supersede the original complaint and

15 all other pleadings.  Claims and defendants not included in the TAC will not be

16 considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

17 SO ORDERED.

18 DATED:  June 13, 2013      _____

19 CHARLES R. BREYER
United States District Judge

20

21

22

23

24

N:\Taylor, D.12-3424.dwlta2.wpd

25

26

27

28                                                      3