IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. L. TAYLOR, C-05467,             ) <br>              Plaintiff(s),             ) <br> v.                                              ) <br> M. J. JOHNSON, Correctional Officer, ) <br>              Defendant(s).             ) <br> _____) | No. C 12-3424 CRB (PR) <br><br> ORDER OF SERVICE <br><br> (Docket #30) |

Plaintiff, a prisoner at California State Prison, Corcoran, has filed a pro se Fifth Amended Complaint (FAC) under 42 U.S.C. § 1983 alleging that on or around February 20, 2012, while he was at Pelican Bay State Prison (PBSP), Correctional Officer M. J. Johnson used excessive force against him. Plaintiff specifically alleges that as he was at his cell door talking to another correctional officer about Johnson, Johnson kicked plaintiff's cell door "with all of his might," causing the cell door to hit plaintiff in the mouth and knocking out a tooth and chipping one of his partials. Docket #29 at 4.

Plaintiff seeks damages and appointment of counsel.

## DISCUSSION

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Prison officials violate the Eighth Amendment if they apply force maliciously and sadistically to cause harm.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  Liberally construed, plaintiff's allegations that Johnson kicked plaintiff's cell door so hard that it caused the cell door to hit plaintiff in the mouth and knock out a tooth and chip one of his partials appear to state an arguably cognizable claim for damages under § 1983 for use of excessive force and will be served on Johnson.[1]

C.    Motion for Appointment of Counsel

Plaintiff's motion for appointment of counsel (docket #30) is DENIED for

---

[1] Although unfortunate, plaintiff's other allegations against Johnson do not amount to more than threats and verbal harassment and are dismissed.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (allegations of mere threats not cognizable under § 1983); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (allegations of verbal harassment and abuse not cognizable under § 1983), overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); see also Hudson, 503 U.S. at 9 (de minimis uses of force almost certainly fail to state a valid excessive force claim).

2

lack of exceptional circumstances.  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC (docket #29) in this matter, all attachments thereto, and copies of this order on defendant Correctional Officer M. J. Johnson at PBSP.  The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendant shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

   If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the court prior to the date his motion is due.  All papers filed with the court shall be served promptly on plaintiff.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

  (The Rand notice above does not excuse defendant's obligation to serve said notice again concurrently with motions for summary judgment. Woods, 684 F.3d at 935.)

    d. Defendant must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

    e. The motion shall be deemed submitted as of the date the

4

reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

      3.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

      4.      All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

      5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: April 24, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Taylor, D.12-3424.serve.wpd

5