IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. L. TAYLOR, C-05467, | ) |
| Plaintiff(s), | ) No. C 12-3424 CRB (PR) |
| vs. | ) ORDER GRANTING |
| | ) DEFENDANT'S MOTION FOR |
| M. J. JOHNSON, Correctional Officer, | ) SUMMARY JUDGMENT |
| Defendant(s). | ) (Dkt. #81-1 at 5-71) |
| | ) |

On June 29, 2012, while Plaintiff D. L. Taylor was incarcerated at Pelican Bay State Prison (PBSP), he filed a pro se complaint under 42 U.S.C. § 1983 challenging various conditions of his confinement. After several rounds of dismissals with leave to amend and amended complaints (and a transfer to California State Prison, Corcoran), plaintiff filed a verified Fifth Amended Complaint (FAC) for damages under § 1983 alleging that on February 29, 2012, while he was at PBSP, Correctional Officer M. J. Johnson used excessive force against him. Plaintiff specifically alleges that, while he was on the floor of his cell talking to a female correctional officer thru the gap at the bottom of the closed cell door, Johnson ordered him to stop talking and "repeatedly kick[ed] the cell door with all of his might . . . causing the cell door to hit me in my mouth, knocking out a tooth and to chip one on my partial." Docket #29 (FAC)

at 4.

Per order filed on April 25, 2014, the court screened the FAC under 28 U.S.C. § 1915A and found that, liberally construed, plaintiff's allegations that "Johnson kicked plaintiff's cell door so hard that it caused the cell door to hit plaintiff in the mouth and knock out a tooth and chip one on his partial appear to state an arguably cognizable claim for damages under § 1983 for use of excessive force," and ordered the claim served on Johnson. Dkt. #31 (Order) at 2.

Defendant Johnson moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that the operative FAC fails to allege facts sufficient to state a claim for use of excessive force in violation of the Eighth Amendment and for summary judgment under Rule 56 on the ground that plaintiff failed to properly exhaust available administrative remedies before filing suit, as required by the Prison Litigation Reform Act. But per order filed on April 29, 2015, the court denied the motions. The court found that, "[t]aken as true, plaintiff's factual allegations are enough 'to state a claim for relief that is plausible on its face," dkt. #75 (order) at 4 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and that, "[u]nder the law of the circuit, plaintiff's sworn statements that he was thwarted from filing a 602 staff complaint-appeal concerning the excessive force claim at issue" precludes summary judgment for failure to exhaust available administrative remedies, id. at 9 (citing Williams v. Paramo, 775 F.3d 1182, 1191-92 (9th Cir. 2015)).

Defendant now moves for summary judgment under Rule 56 on the merits of plaintiff's Eighth Amendment excessive force claim on the ground that there are no material facts in dispute and that he is entitled to judgment as a matter of law. Defendant also claims that he is entitled to qualified immunity from damages. Plaintiff has filed an opposition essentially reiterating the

allegations in the FAC and defendant has filed a reply.

**DISCUSSION**

A.    Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine only if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id. at 248-49.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings to demonstrate the existence of a genuine dispute of material fact by "citing to specific parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex,

477 U.S. at 323.

/

B.      Analysis

It is well established that the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986). In the context of a prison official accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). In determining whether the use of force was wanton and unnecessary, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Id. at 7.

Defendant argues that he is entitled to summary judgment on plaintiff's claim that defendant used excessive force in violation of the Eighth Amendment because, even if one assumes that defendant kicked plaintiff's cell door (which defendant denies he did), there is no evidence on the record that plaintiff suffered any physical injury or that defendant knew that plaintiff had placed his mouth so close to the bottom of the inside surface of his closed cell door that a kick to the outside surface of the closed cell door would cause plaintiff injury. On this record, defendant argues that no reasonable jury could find that he kicked plaintiff's closed cell door maliciously and sadistically for the very purpose of causing harm to plaintiff.

      1.      Injury

Although plaintiff's allegations in the FAC indicate that defendant

4

kicked plaintiff's closed cell door so hard that it caused the cell door to hit plaintiff in the mouth, knock out one of his natural teeth and chip an artificial tooth on his partial dental plate, plaintiff now concedes that he did not lose a natural tooth but rather lost an artificial tooth on his partial dental plate and suffered a chip on another artificial tooth on his dental plate. Dkt. #87 (Opp'n) at 1 ("Nothing was/is ever claimed to be natural."). Plaintiff does not assert or set forth any evidence of any physical injury he suffered as a result of the February 29, 2012 incident. Defendant on the other hand sets forth uncontroverted evidence showing that there are no medical or dental records indicating that plaintiff suffered any injury to his mouth or natural teeth on February 29, 2012 or any time thereafter. Dkt. #81-1 (Dr. Hanna Decl.) at 25. Defendant's uncontroverted evidence further shows that plaintiff did not report that his partial dental plate had been damaged and that he needed a new one until June 12, 2012, more than three months after the alleged February 29, 2012 incident. Id.

It is not clear whether a physical injury is a threshold requirement for an excessive force claim under the Eighth Amendment, but it is very clear that a significant injury is not. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9. But this does not mean that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. Id. at 7. The extent of injury suffered may provide some indication of the amount of force applied. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). As the Court noted in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. The Eight

Amendment's prohibition of cruel and unusual punishments "necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the consciousness of mankind." Id. at 9-10 (citation and internal quotation marks omitted). An inmate who complains of a push or a shove that causes no discernable injury almost certainly fails to state a valid excessive force claim. Wilkins, 559 U.S. at 38.

In Hudson, the Court concluded that the supposedly "minor" nature of the injuries "provide[d] no basis for dismissal of [Hudson's] § 1983 claim" because "the blows directed at Hudson, which caused bruises, swelling, loosed teeth, and a cracked dental plate, are not de minimis for Eighth Amendment purposes." Hudson, 503 U.S. at 10. But the only "injury" plaintiff suffered in this case was damage to his partial dental plate. He suffered no injury to his body. When viewed together with the uncontroverted fact that plaintiff did not bother to report that his partial dental plate had been damaged and that he needed a new one until more than three months after the alleged February 29, 2012 incident, it cannot be said that the force used was more than de minimis or that it was used maliciously and sadistically for the very purpose of causing harm to plaintiff. See Wilkins, 559 U.S. at 1178-79 (noting that injury and force are only imperfectly correlated and that it is the latter that ultimately counts); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (same).

2.     Wantonness

Defendant argues that there is no evidence that he knew, when he allegedly kicked plaintiff's closed cell door, that plaintiff had placed his mouth so close to the bottom of the inside surface of the closed cell door that a kick would cause plaintiff harm. In support, defendant submits photographs of the cell door at issue which show that defendant could not have seen plaintiff on the floor of

|   |   |
|---|---|
| 1 | his cell talking to defendant or another officer when the cell door was closed, and |
| 2 | that defendant reasonably could have assumed that plaintiff was talking through |
| 3 | the air holes on the lower portion of the cell door (covered on the outside of the |
| 4 | door by downward facing vents that prevent inmates from throwing materials |
| 5 | through the vent holes) rather than through the small gap at the bottom of the cell |
| 6 | door with his mouth so close to the inside surface of the closed cell door and |
| 7 | ground that a kick to the outside surface of the closed cell door would hurt |
| 8 | plaintiff.  See Dkt. #81-1 (Johnson Decl. Ex. A) at 58 & 59. |
| 9 |       The Supreme Court has made clear that an excessive force claim under the |
| 10 | Eighth Amendment should not go to the jury unless the plaintiff sets forth |
| 11 | evidence which supports a reliable inference of wantonness in the infliction of |
| 12 | pain.  See Whitley, 475 U.S. at 322.  Plaintiff does not do so here.  When viewed |
| 13 | in conjunction with the other evidence now in the record, plaintiff's allegations in |
| 14 | his verified FAC and in his sworn opposition papers – defendant must have, or |
| 15 | should have, known that plaintiff would be injured when he kicked the outside of |
| 16 | surface of plaintiff's closed cell door – support no more than a claim for |
| 17 | negligence or gross negligence not cognizable under § 1983 in the prison context. |
| 18 | See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994).  They do not support |
| 19 | a reliable inference that defendant used force maliciously and sadistically for the |
| 20 | very purpose of causing harm to plaintiff.  See Hudson, 508 U.S. at 6-7. |
| 21 |       In sum, the undisputed evidence shows (1) that the only harm plaintiff |
| 22 | suffered as a result of the alleged February 29, 2012 incident was damage to his |
| 23 | partial dental plate, and (2) that plaintiff did not report that his partial dental plate |
| 24 | had been damaged and that he needed a new one until more than three months |
| 25 | later.  And even if defendant kicked the outside surface of plaintiff's closed cell |
| 26 | door, there is no evidence that defendant knew that plaintiff had placed his mouth |

so close to the bottom of the inside surface of the closed cell door and ground that a kick to the outside surface of the closed cell door would cause plaintiff harm. Under the circumstances, no reasonable jury could find that defendant used force maliciously and sadistically to cause harm to plaintiff in violation of the Eighth Amendment when defendant allegedly kicked plaintiff's closed cell door. Defendant is entitled to summary judgment as a matter of law. See Celotex, 477 U.S. at 323; Anderson, 477 U.S. at 248-49.

At minimum, defendant is entitled to qualified immunity from damages because a reasonable officer could have believed that his conduct was lawful under the circumstances. See Saucier v. Katz, 533 U.S. 194, 201-02 (2001). A reasonable officer could have believed that kicking the outside surface of plaintiff's closed cell door would not cause plaintiff harm in violation of the Eighth Amendment because a reasonable officer could have believed that plaintiff had not positioned himself in such a way on the other side of the closed cell door that a kick to the outside surface of the door would hurt him.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (dkt. #81-1 at 5-71) is GRANTED.

The clerk shall enter judgment in favor of defendant and close the file.

SO ORDERED.

DATED: Nov. 2, 2015

CHARLES R. BREYER
United States District Judge